United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20679
Conference Calendar

_____

GEORGE F. CARLISLE,

Plaintiff-Appellant,

versus

JON M. AUGUSTINO; ANSAR FEDAYEEN; KELLI WARD;
WARDEN GINSEL; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2383
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

George F. Carlisle, Texas prisoner # 494912, appeals from

the dismissal with prejudice of his civil-rights complaint for

failure to state a claim upon which relief may be granted.

Carlisle alleged in his complaint that: (1) a prison officer

utilized improper and excessive force against him in retaliation

for Carlisle's previous lawsuit against other prison officials;

(2) another prison officer observed this incident but failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intervene; and (3) he was deprived of meaningful administrative procedures as to the prison grievances he filed regarding the excessive-force incident.

Carlisle argues that the lack of any investigation into his prison grievances proves that he was deprived of meaningful administrative procedures. Carlisle's allegations do not give rise to a constitutional claim. See Sandin v. Conner, 515 U.S. 472, 484-86 (1995); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Despite Carlisle's conclusional allegations to the contrary, he has failed to state valid claims for excessive force or retaliation because he has not shown that his incident resulted in an injury that was more than de minimis or that the defendant involved in that incident had a retaliatory motive. See Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (excessive force); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (retaliation).

As the district court is not required to conduct a hearing before dismissing a complaint as frivolous, Carlisle's challenge to the lack of an evidentiary hearing has no merit. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986) ("A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone . . . ."); see also 28 U.S.C. § 1915A(a) & (b). Moreover, the new factual allegations that Carlisle has raised for the first time on appeal are not

cognizable.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Carlisle's appeal lacks arguable merit and is DISMISSED AS FRIVOLOUS.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Carlisle is warned that the district court's dismissal of his complaint for failure to state a claim and the dismissal of the instant appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  We warn Carlisle that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.